**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Osman Perez, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 16-CV-5869 |
| - vs. - | **COMPLAINT** |
| Prince St Pizza Corp. and Frank Morano, | |
| Defendants. | |

Plaintiff Osman Perez, by and through his undersigned attorneys, for his complaint against defendants Prince St Pizza Corp. and Frank Morano, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiff Osman Perez alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Prince St Pizza Corp.

and Frank Morano, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Perez further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) compensation for unpaid wages; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) compensation for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Mr. Perez is an adult individual residing in the Bronx, New York.

4.   Mr. Perez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Perez's

written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Prince St Pizza Corp. is a New York corporation with a principal place of business at 27 Prince Street, New York, New York.

6.   At all relevant times, defendant Prince St Pizza has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 207(a).

7.   Upon information and belief, at all relevant times, defendant Prince St Pizza has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant Prince St Pizza has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant Prince St Pizza has constituted an "enterprise" as defined in the FLSA.

10.  Defendant Frank Morano is an owner or part owner and principal of Prince St Pizza, who has the power to hire

and fire employees, set wages and schedules, and maintain their records.

11. Defendant Frank Morano was involved in the day-to-day operations of Prince St Pizza and played an active role in managing the business.

12. Defendants constituted "employers" of Mr. Perez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Perez's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Perez's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 207, Mr. Perez seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since July 18, 2013, to the entry of judgment in this case (the

"Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16. The Collective Action Members are similarly situated to Mr. Perez in that they were employed by defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

17. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

18. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

### FACTS

19. At all relevant times herein, defendants owned and operated a pizza restaurant in New York.

20. Mr. Perez was employed by defendants from approximately November 2015 through March 2016.

21.  Mr. Perez was assigned to work the counter and serve pizza to customers, as well as make pizza on occasion.

22.  Mr. Perez's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

23.  At all relevant times herein, Mr. Perez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24.  Mr. Perez regularly worked six days per week, every day except Mondays. He was scheduled to work twelve-hour days, from 11 a.m. to 11 p.m., except on Saturdays when he was scheduled to work an additional four hours, until 3 a.m.

25.  As a result, Mr. Perez was scheduled to work 76 hours per week.  However, he was routinely required to stay approximately a half-hour beyond the scheduled end of his shift to help clean up after the restaurant closed.

26.  As a result, he was generally working approximately 79 hours per week.

27.   Defendants did not provide a time clock, sign in sheet, or any other method for Mr. Perez to track his time worked.

28.   Mr. Perez was paid $10 per hour for his work; however, he was paid this amount only for his scheduled shifts.

29.   Mr. Perez was not paid anything for the additional half-hour he was required to work each day.

30.   In addition, defendants failed to pay Mr. Perez any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.  Instead, Mr. Perez received his straight rate of pay for all hours for which he was paid.

31.   Defendants' failure to pay Mr. Perez the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

32.   Mr. Perez was paid wholly in cash, and he did not receive paystubs or wage statements with his pay.

33.   Mr. Perez worked six shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked these shifts,

in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

34. Defendants failed to provide Mr. Perez with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

35. Defendants failed to provide Mr. Perez with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

36. Upon information and belief, throughout the period of Mr. Perez's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Perez (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

37.  Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

38.  Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

39.  Upon information and belief, these other individuals were not paid for the time they spent cleaning up after the restaurant closed each day.

40.  Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

41.  Upon information and belief, these other individuals were not provided with required wage notices as specified in New York Labor Law §§ 195.1 and the Wage Theft Prevention Act.

42.  Upon information and belief, these other individuals were not provided with required weekly wage notices as specified in New York Labor Law § 195.3 and the Wage Theft Prevention Act.

43.  Upon  information  and  belief,  while  defendants employed Mr. Perez and the Collective Action members, and through  all  relevant  time  periods,  defendants  failed  to maintain  accurate  and  sufficient  time  records  or  provide accurate records to employees, and failed to post or keep posted  a  notice  explaining  the  minimum  wage  and  overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

44.  Mr.  Perez,  on  behalf  of  himself  and  all Collective  Action  Members,  repeats,  realleges,  and incorporates by  reference  the  foregoing  allegations  as  if set forth fully and again herein.

45.  At  all  relevant  times,  defendants  employed  Mr. Perez and each of the Collective Action Members within the meaning of the FLSA.

46.  At  all  relevant  times,  defendants  had  a  policy and  practice  of  refusing  to  pay  overtime  compensation  to their  employees  for  hours  they  worked  in  excess  of  forty hours per workweek.

47.  As  a  result  of  defendants'  willful  failure  to compensate  their  employees,  including  Mr.  Perez  and  the Collective  Action  Members,  at  a  rate  at  least  one-and-one-half  times  the  regular  rate  of  pay  for  work  performed  in

excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

49. Due to defendants' FLSA violations, Mr. Perez and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

50. Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51. At all relevant times, Mr. Perez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52. Defendants willfully violated Mr. Perez's rights by failing to pay him full overtime compensation at rates at least one-and-one-half times the regular rate of pay for

each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

53. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

54. Due to defendants' New York Labor Law violations, Mr. Perez is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**

**(New York Labor Law – Spread of Hours)**

55. Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56. At all relevant times, Mr. Perez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57. Defendants willfully violated Mr. Perez's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in

violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

58.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

59.  Due to defendants' New York Labor Law violations, Mr. Perez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Failure to pay wages)

60.  Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.  At all relevant times, Mr. Perez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62.  Defendants willfully violated the rights of Mr. Perez by failing to pay him his wages for all of his hours worked, in violation of New York Labor Law § 191.

63.  Defendants' failure to pay all wages owed, was willful, and lacked a good faith basis, within the meaning

of New York Labor Law § 198, § 663 and supporting regulations.

64.   Due to defendants' New York Labor Law violations, Mr. Perez is entitled to recover from defendants his unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1)

**COUNT V**

**(New York Labor Law – Wage Theft Prevention Act)**

65.   Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66.   At all relevant times, Mr. Perez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67.   Defendants willfully violated Mr. Perez's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

68.   Defendants willfully violated Mr. Perez's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

69. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate wage statements, Mr. Perez is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

70. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Perez is entitled to recover from the defendants statutory damages of $50 per day to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Perez respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Perez and

his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

f.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g.  Damages for defendants' failure to pay Mr. Perez all of his wages earned, in violation of the New York Labor Law;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated:  July 17, 2016

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

17

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Prince Pizza and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y en mi nombre para impugnar el fallo de Prince Pizza y sus propietarios y afiliados a pagarme, entre otras cosas, el salario mínimo y pago de horas extras como exige el Estado y / o la ley federal y autorizar la presentación de este consentimiento en la demanda contra ese tipo de conducta, y dar su consentimiento para ser nombrado como representante de la parte demandante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con esta demanda también. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Osman Perez
Date:  April 11, 2016